# Continuation of Agency Activities During a Lapse in Both Authorization and Appropriation

During a lapse in both an agency's authorization and its appropriation, activities may continue only to the extent they were authorized prior to the enactment of any specific lapsed authorization, and only to the extent they fit within the "emergency" exception to the Antideficiency Act.

September 17, 1982

### MEMORANDUM OPINION FOR THE CHIEF COUNSEL, FEDERAL RAILROAD ADMINISTRATION

We understand that the Federal Railroad Administration (FRA) may soon face a lapse in both authorization for certain program activities and appropriations. As discussed in a telephone conversation on August 10, 1982, between members of our respective staffs, it is the view of this Office that, as a general matter, in such a situation the agency may continue program activities that are authorized by currently effective substantive legislation and fit within the "emergency" exception to the Antideficiency Act, 31 U.S.C. § 665 (1976). For this purpose, a "substantive" statute is one authorizing or requiring an agency to conduct program activities (e.g., regulation, education, enforcement).

The general rule relating to a lapse in an agency's authorization[1] is that activities continue to be authorized, notwithstanding the lapse of a specific authorization, to the extent that they were authorized prior to the enactment of the specific authorization. We caution, however, that we have not examined any specific legislation relating to the FRA. Therefore, we are not in a position to advise, and we do not advise, what particular activities of the FRA might continue to be authorized.

The general rules relating to a lapse in appropriations have been thoroughly set forth in two Attorney General opinions and a number of Bulletins from the Office of Management and Budget. Very generally, under the Antideficiency Act, all

---

[1] As a general rule, most activities carried out by an agency are permanently authorized by that agency's organic legislation or other statutes that do not have expiration dates. If, however, authorization for an agency's activities is extended by Congress in a statute having an expiration date or in bills traditionally adopted annually which authorize both specific activities and appropriations for a particular fiscal year, then the authority to engage in those activities expires unless authority to continue them can be derived from other statutes. In contrast to a lapse in appropriations, discussed in the text below, a lapse in the statutory authority of an agency to conduct a particular activity results in the inability of the agency to continue that activity In other words, there is no "exception" that permits continuance of previously authorized activity analogous to the exception under the Antideficiency Act which permits the continuance of certain *otherwise authorized* activities during a lapse in appropriations

activities of the agency must cease except those that are necessary to protect life and property. However, we have not examined, and so we do not advise upon, the extent to which the FRA's activities can properly be considered to be within the emergency exception.

These are the two general rules relating to lapse in authorizations and appropriations. We see no reason why either of these would differ as applied to the situation in which, as we understand it, the FRA now finds itself, that is, faced with a possible lapse of both specific authorizations and the appropriation. Rather, we believe that the scope of the agency's authority to continue program activities, including, as necessary, to obligate funds in support of those activities, must be determined by application of both general rules, as outlined above. The result in such a case is that authorized, emergency activities may continue.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*
